BROWN BROTHERS, Appellants, v. WILLIAM S. GILLIAM, Respondent.

Kansas City Court of Appeals, April 3, 1893.

Practice, Appellate: FAIRLY SUBMITTED: VERDICT STANDS. Where the two theories of the prosecution and defense are intelligently and properly submitted to the jury, their findings will not be disturbed.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, JUDGE.

AFFIRMED.

*Alf. F. Rector*, for appellants.

*Boyd & Murrell* and *D. D. Duggins*, for respondent.

GILL, J.—Plaintiffs were farmers, residing near Gilliam, Missouri, where the defendant had a grain elevator. In July, 1890, plaintiffs delivered at defendant's elevator about five hundred bushels of wheat. The delivery was completed on Friday; and the following Tuesday morning the elevator, including some six thousand bushels of wheat (about two thousand bushels of which belonged to defendant and the remaining four thousand bushels belonged to farmers of the vicinity who had stored the same), was destroyed by fire. Plaintiffs brought this suit as for a sale and delivery of the wheat to the defendant, alleging in the first count

that the price of seventy-eight cents per bushel was agreed upon, and in the second count alleging a sale and delivery and asking judgment for the reasonable value of the wheat. The answer was a general denial. On a trial before a jury a verdict and judgment was had in defendant's favor and plaintiffs appealed.

The weight of the evidence in this case is so overwhelmingly on the side of the defendant that an affirmance may be well claimed on the ground that more substantial justice has been clearly done and minor errors, if any there be, ought to be overlooked.

But however this may be, the issues seem fairly tried and submitted under proper instructions, and we can discover no reasonable cause for plaintiff's complaint. There were just two theories of facts developed in the testimony. That of the plaintiffs was, that they delivered the wheat at defendant's elevator under an agreement or understanding for a sale, and at the market price of wheat when the last load was hauled; while the defendant's evidence was to the effect that the wheat was simply stored in his elevator, as other farmers in the neighborhood did, and that when the wheat was all in he tried to buy the grain and offered a certain price, but that plaintiffs refused to accept his offer; and, while the wheat was thus held without any agreement for purchase, the same was destroyed by fire. These two theories of prosecution and defense were intelligently and properly submitted to the jury and the finding was in the defendant's favor. And it could not well have been otherwise, it seems to us, under the evidence.

Judgment affirmed. All concur.